IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of J.G., A.M.G., T.G., and K.G., persons under eighteen years of age. _____ | ) ) ) ) ) | PER CURIAM DECISION Case No. 20120587-CA |
| J.G. and C.B., Appellants, v. State of Utah, Appellee. | ) ) ) ) ) ) ) ) ) ) ) | F I L E D (October 25, 2012) 2012 UT App 301 |

-----

Fifth District Juvenile, Cedar City Department, 1002541
The Honorable Thomas M. Higbee

Attorneys:    J. Bryan Jackson, Cedar City, for Appellant J.G.
William H. Leigh, Cedar City, for Appellant C.B.
Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges Orme, Thorne, and Roth.

¶1    J.G. (Father) and C.B. (Mother) appeal the termination of their parental rights.[1] We affirm.

¶2    Mother and Father first assert that the juvenile court erroneously terminated their parental rights solely on the basis of the best interests of the children without first finding a statutory ground to support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis Supp. 2012) (setting forth grounds for terminating a person's parental rights). Mother and Father do not challenge the evidence supporting the termination of their parental rights, but instead challenge the form of the order and whether that order sufficiently set forth the statutory grounds upon which the juvenile court based its decision. "In order to preserve an issue for appeal, the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801. "Issues that are not raised at trial are usually deemed waived." *Id.* To preserve the issue of whether the written order of the court is in conformity with what transpired on the record, a party must first object to the form of the documents. *See Evans v. State*, 963 P.2d 177, 180 (Utah 1998). Mother and Father did not object to the form of the order below or provide any notice to the court of their belief that the order was insufficient to support the termination of their parental rights. Therefore, Mother and Father waived any challenge to the sufficiency of the order terminating their parental rights.

¶3    Even if this court were to assume for the sake of argument that Mother and Father properly preserved the issue raised, they would not be entitled to the relief they request. Mother and Father claim that the juvenile court did not rely on any statutory grounds to support the termination of their parental rights. However, Findings of Fact (2)(j) through 2(t) discuss various grounds supporting the termination of Mother's and Father's parental rights. While the findings do not refer expressly to the Utah Code, the language in the findings tracks the language used in Utah Code section 78A-6-507(1), including references to unfitness, abuse and neglect, and failure of parental adjustment. Such language is sufficient to alert all parties to the basis of the juvenile court's decision.

---

[1]Father and Mother filed separate appeals from the order terminating their parental rights, i.e., Case No. 20120587-CA (Mother), and Case No. 20120602-CA (Father). After receiving their respective petitions on appeal, which raised identical legal issues, and the responses to each of those petitions, this court determined that it was proper to consolidate the cases for decision.

*See In re J.B.*, 2002 UT App 267, ¶ 23, 53 P.3d 958 (concluding that the juvenile court need not expressly refer to the statute in making its findings if "it is clear from the detailed findings that the court did consider the requirements" when making its determination).

¶4      Next, Mother and Father assert that the juvenile court violated their rights to substantive and procedural due process by "allowing the State's expert witness to change her diagnosis in the midst of trial and testify inconsistent with her report."[2] Once again Mother and Father failed to preserve the issue for review. Mother and Father claim that the issue was preserved during the course of cross-examination. However, Mother and Father never asserted that the expert's testimony should be stricken, nor did they make any argument concerning their due process rights. Instead, Mother and Father attacked the credibility of the expert's "change in diagnosis" and the weight of that testimony. Thus, Mother and Father never presented their due process arguments to the juvenile court in such a way as to give the juvenile court the opportunity to rule on the issue. *See 438 Main St.*, 2004 UT 72, ¶ 51. Accordingly, because the issue was not preserved in the juvenile court, we do not reach the issue raised.

¶5      Affirmed.


_____
Gregory K. Orme, Judge


_____
William A. Thorne Jr., Judge


_____
Stephen L. Roth, Judge

_____

[2]The juvenile court stated that "[t]he rediagnosis is in reality more of an update than a change" based upon the continuing pattern of conduct exhibited by Mother and Father since their initial evaluations.